State of Nevada *v*. Real Del Monte Gold and Silver Mining Company.

| 1  | 523 |
|----|-----|
| 10 | 63  |

| 1  | 523 |
|----|-----|
| 22 | 35  |

## STATE OF NEVADA, Respondent, *v*. REAL DEL MONTE GOLD AND SILVER MINING CO., Appellant.

Where the Assessor, in making his assessment, uses this language: "One mine of four thousand four hundred feet, situated on Last Chance Hill," it does not convey the idea that he was assessing or attempting to assess the fee of the land in which the mine was situated, but the possessory claim of the miner and right to mine on a certain lode or vein of ore. The meaning of this language is determined by common usage in this country.

The statute allows District Attorneys, when bringing suit for delinquent taxes, to give a more particular description of the delinquent property than that contained in the assessment roll. When the complaint does not contradict the assessment, but merely gives a more particular description, it is proper to admit testimony to show the property described in the assessment roll and the complaint are identical.

APPEAL from the District Court of the Ninth Judicial District, State of Nevada, Esmeralda County, Hon. S. H. CASE presiding.

*Quint & Hardy* for Appellant.

The language used by the Assessor indicates that the body of the mine, the realty itself, was assessed.

It does not indicate that the mere possessory right to work in that mine was taxed.

It was error in the Court below allowing evidence to be introduced varying and adding to the language of the Assessor.

Under such a practice property might be subjected that was never thought of by the Assessor.

*W. M. Boring*, District Attorney for Esmeralda County, for Respondent.

The assessment is in the form prescribed by law, and does not purport to assess anything more than the possessory right.

If the description in the assessment roll is defective, the law authorizes the District Attorney, in his complaint, to make an additional description.

Opinion by Justice BEATTY, full Bench concurring.

This was an action brought against the defendant, a mining corporation, to recover the sum of five hundred dollars, claimed

to be due for taxes on a *mine*. The Court below gave judgment for the plaintiff, and the defendant appeals. Two points are raised by the appellant. First, that the language used by the Assessor in assessing the property, indicates that the ultimate right to the property described was assessed, and not the mere possessory claim of the appellant. We think differently. The language used by the Assessor in describing the property assessed is as follows: " One mine of four thousand four hundred feet, situated on Last Chance Hill." This language in many parts of the world where the English language is spoken, would appear very indefinite and convey no fixed idea to the generality of English scholars. The question might be asked: Does it mean a body of mineral containing four thousand four hundred cubic feet, a surface of four thousand four hundred square feet, extending to the center of the earth, or a surface of four thousand four hundred feet square extending to the center of the earth? Or it might be supposed to mean a half dozen other things. Without a knowledge of the mining laws and customs of this and some of the neighboring States, the description would be perfectly unintelligible. But when we know it is a common and almost universal custom for prospectors in this State to take up claims for mining purposes on the public domain, describing them as so many feet of a certain lode, lead, ledge, or mineral vein, with all its dips, spurs and angles, but giving no lateral boundaries to the claim, and on the other hand, that wherever grants of the public domain are made by the Government, the term land is always used in the grant, and it is described by metes and bounds; we have not the least difficulty in understanding that the language used by the Assessor has reference not to the ultimate right of the appellant to the soil in which the mine is situated, but to the possessory claim which in miner's parlance is called "a mine," "mining right," "mining claim," "mining ground," etc. The only question for determination here is: Did the Assessor, in fixing the value of this mine, fix it at what, in his opinion, was the value of the full and complete title to the land, or only the value of the possessory title? If the Court are satisfied, from the language used, that the latter standard was the one fixed in the mind of the Assessor, when he made the assessment,

however awkward his expressions, the assessment must be supported. If, on the contrary, the Assessor fixed the valuation on the fee simple title of the land, it could not stand, because the fee of the land would be worth far more than the mere possessory right. We are satisfied for the reasons stated in this opinion, and those stated by this Court in the case of *Hale & Norcross Gold and Silver Mining Company* v. *Storey County*, that the Assessor only meant to assess the possessory right of appellant in the mine.

The next alleged error is, that the Court erred in permitting evidence to be introduced varying and adding to the language used in the assessment roll. The assessment roll described the property as a mine " of four thousand four hundred feet situated on Last Chance Hill."

The complaint describes the property as follows : " Also those certain mining claims situate on Last Chance Hill in said county and known as the "Real del Monte," "Aurora," "Last Chance," "Yellow Jacket," "Pond," "Sunbeam," "Western Summit," "Crockett," "Chihuahua" and "Midnight," containing in all forty-four hundred feet, more or less, and being the same property as described in the assessment roll of said county for the year 1864. There is no contradiction between these descriptions ; there may be many claims in one mine, and where many claims are united or consolidated in the hands of one company there is no impropriety in calling it one mine, or one mining claim. The description in the assessment roll was general. The law of 1864–5, page 163, expressly authorizes the District Attorney to give, when he brings suit for delinquent taxes, a more particular description of the property on which the taxes remain unpaid than that used in the assessment roll. This, the District Attorney in this case has done. He alleges, however, that his description embraces the same property as that described in the assessment. We must presume in favor of the judgment in the Court below that he established that fact, until it is shown that the description in the complaint embraced ground not included in the assessment. This is not shown.

The judgment is affirmed.